A. David Behuamim,
J. The issues involved in these three motions concern the implementation of a decision of the Court of Appeals (2 N Y 2d 631), which reversed the determination of the Appellate Division (2 A D 2d 705), which in turn had affirmed the decision of this court sitting at Special Term. The dispute is as to the proper method of the fixing of the fees of two attorneys in an accident case settled before this court.
The facts are that the case was originally commenced by attorney GeWertz, who, as noted by the Court of Appeals in the dissenting opinion of Judge Vah Voorhis (p. 647), had obtained his retainer in the hospital while the plaintiff was still unconscious. This retainer called for 50% of the gross recovery in the case, making no allowance for deductions for workmen’s compensation liens, or medical expenses incurred by this plaintiff in connection with his very serious illness. GeWertz was subsequently superseded by attorney Vener. As a condition to turning over the papers and consenting to such substitution, so that Vener could proceed with the case, he exacted and received a stipulation reserving unto himself 20% of the gross recovery, plus the disbursements, without deduction for medical expenses, workmen’s compensation liens, or other expenses chargeable to the plaintiff. This stipulation was made between the attorneys and consented to by the plaintiff as a party thereto, while the said 50% retainer was still in full force and effect. The intention of the attorneys when they made such agreement was that there was to be a 40-60% division between them with Vener getting the 60% and GeWertz the 40% of the fees. The matter first came before this court at a pretrial conference at which counsel for the plaintiff indicated that $35,000 would be acceptable in settlement since the total insurance coverage was but $50,000. It appeared to the court that such a sum was grossly inadequate in view of the permanent neurological disability sus *1025 tained by the plaintiff. The court thereupon directed that the defendant be brought personally into the conference in view of the limited insurance coverage and potential deficit liability in the event of a judgment. Such conference resulted in the insurance company paying their full $50,000 without deduction and in addition $25,000 being paid by the defendant Miller Bakeries Corp. out of its own funds. The court thereupon suggested that it would be equitable to readjust the retainer agreement in the light of all the circumstances. Attorney Vener, the superseding attorney, agreed that one third of the net, to wit, the $75,000, less the workmen’s compensation lien of $9,215.23 would be adequate compensation for the professional services rendered to the plaintiff in this case and agreed that the fees, should be reduced accordingly. The total fees so calculated amount to $21,928.25. Thereafter Vener was unable to obtain appropriate conforming reduction from GeWertz, who insisted upon performance of the letter of Ms contract of substitution. The matter thereupon came before this court on cross motions to fix the fees. The court took testimony at length from the parties with respect to the services rendered and made findings of fact which are more fully set forth in the majority and dissenting opinions of the Court of Appeals heretofore referred to. Briefly summarized, these findings indicate that the services rendered by GeWertz had been nominal, that other than getting the case, an abortive search for a witness whom he never did uncover, and preparing and serving the summons and complaint, he performed no substantial professional work, his services consisting mainly in accompanying his client to the doctor on various occasions. His own testimony was that six hours would be a fair approximation of the time spent by him in legal services. The court thereupon found that the sum of $21,928.25 was the maximum compensation which could in reason and justice be allowed in this case. Since the contract of substitution had been predicated upon the existence of the 50% retainer and since such 50% retainer was necessarily subject to the powers of visitation of tMs court with respect to its reasonableness and since this court had found such contract to be unreasonable, unconscionable and oppressive, the court ruled further that such stipulation must fall with the termination of its foundation retainer agreement. The court thereupon substantially conforming to the distribution formula agreed upon between the parties themselves of approximately 40% to the original attorney and 60% to the substituting attorney Vener, readjusted the payments and allowed one third of the $21,928.25 to GeWertz and two thirds to Vener. From tMs decision attorney GeWertz *1026 appealed. At this point Vener, who theretofore had supported the plaintiff’s position that the reduction of the fees was appropriate and proper under the circumstances, placed himself in opposition to his client’s interests for the first time and took the position that any fees over and above those provided for b> the court to Ge Wertz, which the appellate courts might require to be paid, should come out of the pocket of the plaintiff rather than through a readjustment of the fees intra counsel. As a result of this conflict of position plaintiff was required to seek other counsel obtained through the aid of the Brooklyn Bar Association in order to protect himself against both former counsel. The Appellate Division unanimously affirmed the decision of this court. The matter then went to the Court of Appeals. Various trial lawyers’ groups appeared there amici curios seeking an adjudication supporting the claimed right of untrammelled freedom of contract between attorneys and clients legally able to contract and asserted there that it does not lie within the power of this court to inquire into the question as to whether such contracts are unfair, unjust, unreasonable and unconscionable. Far happier would it have been had these distinguished trial lawyers of unimpeachable probity appeared in the public interest rather than in support of an unworthy and untenable position and in resistance to the court’s inherent power to protect unhappy litigants from avaricious, rapacious and unprincipled practitioners preying upon and exploiting the needs of the unfortunate. The Court of Appeals sustained the power of visitation of this court upon contracts between attorneys and client when required and affirmed the finding of this court that the maximum fee in this case is to be the sum of $21,928.25. The Court of Appeals decided, however, that since the client’s share was not affected by the intra-counsel agreement, it would leave the lawyers where it found them and would not alter the distribution specified in the contract of substitution. It now rests with this court to interpret and implement this finding, which in effect holds that where an agreement of substitution is made in which a specific fee is fixed between counsel, substituting counsel is bound by such agreement of substitution, however unhappy its result may be. The decision of the court leaves unanswered the question as to what would happen in a case where the court, exercising its powers of visitation, should fix the total amount of fees at a sum less than the amount stipulated to be paid the original attorney in the stipulation of substitution. Implicit, however, in its decision is the suggestion that under snch circumstances superseding counsel might find himself being required to make good such *1027 deficit. We are not, however, faced with this problem in this case but are required merely to implement the decision reached by the majority vote of the Court of Appeals. That determination requires us to reapportion the fees between the parties on the basis indicated in such Court of Appeals decision, to wit, $15,000 plus $67.15 disbursements to Ge Wertz and the remainder, $6,864.25, to Yener. The Court of Appeals decision also requires us to provide in such order that the amount payable to Wojcik, the plaintiff, shall remain as originally fixed and is undiminished by the result achieved on these appeals. Wherever the funds may be and in whosoever hands they are, they must be distributed in accordance with this determination. The funds held in escrow by Yener are the funds of Wojcik and must be returned to him. The distributions as between Yener and Ge Wertz should be made in accordance with the terms of the Court of Appeals decision, as here restated. Any excess of fees retained by Yener must be paid to Ge Wertz. To this court, which had the parties before it in conference and hearing and which was personally mainly instrumental in the achievement of this settlement for this plaintiff, it is most unpalatable that judicial discipline requires it to enter an order, which as suggested in the Court of Appeals dissents, brings about an undue enrichment of Ge Wertz, whose practices and attitudes in this case invite condemnation and scrutiny by appropriate agencies. It is sad indeed to find an unhappy victim of a major medical catastrophe buffeted between two lawyers and left wholly without representation other than that which was made available to him by the happy coincidence that the court was alerted to his need and procured the fortuitous intervention of the Brooklyn Bar Association.
With respect to that portion of the motion made by Yener in this case to be relieved of his consent to the reduction of the 50% retainer and to refix his fees, it is to be noted that the court has already fixed the total fair and reasonable fees chargeable to Wojcik in the reduced amount, that such findings of fact have been affirmed by the Appellate Division and the Court of Appeals and are not subject again to review by this court. To that extent his motion is accordingly denied upon the law and the facts and in the interest of justice. The motion made by attorney Lewis, now representing the plaintiff, as against both his prior counsel, is in all respects granted to the extent that it is in conformity with this decision. The motion of Ge Wertz is likewise granted where consistent herewith. Settle order on notice.